IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MACHARIA FORTSON | ) |
| | ) No. |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| DESMOND JERRELL PATTERSON | ) **Plaintiff Demands Trial by Jury** |
| and CONTRACT TRANSPORTATION | ) |
| SYSTEMS CO. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff Macharia Fortson ( Hereinafter " Mac Fortson") by and through his attorneys, The Vrdolyak Law Group LLC, complaining of the defendants, Desmond Jerrell Patterson and Contract Transportation Services Co., stating as follows:

### COUNTS 1 & 2

### Master - Servant

*Count 1 (Negligence- Desmond Jerrell Patterson)*
*Count 2 (Vicarious Liability- Contract Transportation Systems Co.)*

1.      Plaintiff Mac Fortson is an Illinois citizen. Defendant Desmond Jerrell Patterson is an Indiana citizen residing at 4459 West 77th Avenue in Merrillville, Indiana. Defendant Contract Transportation Systems Co. is a Delaware citizen, with its principal place of business at 1 Sherwin Way, Cleveland, Ohio.

2.      The amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, making subject matter jurisdiction appropriate in this Court based on diversity of citizenship.

1

3.  Venue is properly set in this district pursuant to 28 U.S.C. § 1391 (b) since all defendants transact business within this judicial district and this judicial district is where substantial events occurred giving rise to the plaintiff's injuries and damages. Additionally, this judicial district is where defendant Desmond Jerrell Patterson resides as defined in 28 U.S.C. § 1391 (c).

4.  On January 30, 2025, a 2024 Volvo tractor VIN #4V4NC9EH0RN644487 displaying Contract Transportation Systems Co.'s "logo" and federal motor carrier authority US DOT # 188891 was being operated by Desmond Jerrell Patterson in for-hire transportation of property in interstate commerce (see photo attached as *Exhibit #1*, which is incorporated by reference into this complaint).

5.  On and before January 30, 2025 , defendant Contract Transportation Systems Co. employed individuals, including Desmond Jerrell Patterson, who operated its commercial motor vehicles, a safety sensitive position, when transporting property in interstate commerce.

6.  At all relevant times, the safety management of Contract Transportation Systems Co. and its employees who occupied safety sensitive positions, including Desmond Jerrell Patterson, were required to know and obey all Illinois traffic laws, Federal Motor Carrier Safety Regulations and Industry Standards.

7.  On and before the date of the January 30, 2025, collision that injured plaintiff Mac Fortson, the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR's") found in Title 49 had been adopted in Illinois pursuant to 625 ILCS 5/18b-105; 92 Ill. Admin. Code §§ 391.2000, 392.2000.

8.    The scope of the FMCSR's is found in § 390.3 (a), which states that "the rules are applicable to all employers, employees, and commercial motor vehicles that transport property or passengers in interstate commerce."

9.    FMCSR §392.2 states: "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is operated. However, if a regulation of the Federal Motor Carrier Administration imposes a higher standard than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with."

10.    FMCSR §383.111 sets forth and explains 20 areas in which commercial motor vehicle drivers are required to have specified knowledge to obtain a commercial driver's license. These areas include safe operations regulations, speed management, extreme driving conditions, hazard perceptions, and emergency maneuvers, §383.111(a).

11.    FMCSR §383.113 enumerates the skills a commercial motor vehicle operator must possess to obtain a commercial driver's license. These skills include identifying safety-related vehicle parts, like the engine compartment and brakes, §383.113(a)(1); §383.113(a)(2); §383.113(c) and safely driving the vehicle by, for example, maintaining a safe following distance depending on the condition of the road, §383.113(c)(6).

12.    FMCSR §390.11 states "Whenever…a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to

3

require observance of such duty or prohibition. If the motor carrier is a driver, the driver shall likewise be bound".

13.    Under FMCSR §390.5 "Highway means any road, street or way , whether on public or private property , open to public travel... open to the general public for use without restrictive gates , prohibitive signs or regulations other than regulations based on size, weight or class of registration".

14.    Under FMCSR §390.5 "Commercial motor vehicle means any self-propelled or towed motor vehicle used on a highway in interstate commerce to transport passengers ·or property when the vehicle— (1) Has a gross vehicle weight rating or gross combination weight rating or gross vehicle weight or gross combination weight, of 4,536 kg (10,001 pounds) or more, whichever is greater..."

15.    Under FMCSR §390.5 "Employer means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it..."

16.    In FMCSR §390.5 "Person means any individual, partnership, association, corporation, business trust or any organized group of individuals."

17.    In FMCSR §390.5 "Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (*including an independent contractor while in the course of operating a commercial motor vehicle*), a mechanic, and a freight handler...."

18.    FMCSR §390.5 states: "Motor Carrier means a for-hire carrier or a private motor carrier. The term includes a motor carrier's agents, employees, officers, or representatives as well as employes responsible for hiring, supervising, training, assigning or dispatching drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories. For purposes of subchapter B, this definition includes the terms employer and exempt motor carrier."

19.    On January 30, 2025, all above -named defendants were motor carriers.

20.    On and before January 30, 2025, defendant Contract Transportation Systems Co. owned or leased and operated a commercial motor vehicle consisting of a 2024 Volvo tractor with a VIN # 4V4NC9EH0RN644487, with an Ohio license plate PWZ4897, that was pulling a loaded 53-foot trailer VIN # 3H3V482CXFT218042 that displayed an Illinois license plate 520 047ST (see *Exhibit #2*, which is incorporated by reference into this complaint).

21.    On January 30, 2025, per FMCSR §390.5, together the Volvo tractor and the attached 53-foot trailer, was a commercial motor vehicle weighing more than 26,001 pounds in G.V.W. and was being used in the interstate transportation of cargo.

22.    On January 30, 2025, the commercial motor vehicle owned or leased by Contract Transportation Systems Co. displayed its "*logo*" and US DOT # 188891 on the side of the 2024 Volvo tractor and was pulling the aforementioned 53-foot trailer.

23.    On January 30, 2025 , the commercial motor vehicle, owned or leased by Contract Transportation Systems Co. , who assigned Desmond Jerrell Patterson to operate the commercial motor vehicle in the usual course of Contract Transportation

Systems Co.'s business as an authorized federal motor carrier.

24. On January 30, 2025, Desmond Jerrell Patterson operated the afore-referenced commercial motor vehicle with permission and within the scope of his duties with Contract Transportation Systems Co. as a commercial truck driver.

25. On and before January 30, 2025 , Desmond Jerrell Patterson was either a FMCSR §390.5 statutory employee or actual employee of Contract Transportation Systems Co.

26. On January 30, 2025 , Contract Transportation Systems Co. was either the FMCSR §390.5 statutory employer or the actual employer of  trucker, Desmond Jerrell Patterson.

27. On January 30, 2025, Contract Transportation Systems Co. was vicariously liable for any negligent conduct committed by Desmond Jerrell Patterson while operating the aforesaid commercial motor vehicle, within the scope of his employment duties with  Contract Transportation Systems Co.

28. On January 30, 2025, defendant trucker Desmond Jerrell Patterson operated in interstate commerce the aforesaid commercial motor vehicle displaying Contract Transportation Systems Co. *"logo"* and US DOT # 188891 on the side of the Volvo tractor that was pulling the aforementioned 53-foot trailer.

29. On and before January 30, 2025, defendants Desmond Jerrell Patterson and Contract Transportation Systems Co., and each of them, owed a duty to the Illinois motoring public, which included Mac Forson to exercise reasonable care and to comply with Illinois traffic laws, Federal Motor Carrier Safety Regulations and Industry Standards, in the operation of their commercial motor vehicle while

6

southbound on I-294 at 5:45 pm in Thorton Township in Cook County, Illinois.

30.    On January 30, 2025, defendants Desmond Jerrell Patterson and Contract Transportation Systems Co., and each of them, breached the aforesaid duties by one or more of the following negligent acts:

a) Negligently and carelessly failed to keep a proper look out.

b) Negligently and carelessly failed to maintain proper space management.

c) Negligently and carelessly allowed themselves to become distracted. or

d) Negligently and carelessly drove the commercial vehicle too fast for prevailing conditions in violation of ILCS 625 5/11-601(a).

31.    As a proximate cause of Desmond Jerrell Patterson's negligent conduct, Plaintiff Mac Fortson was injured in the collision of January 30, 2025 and has suffered losses of a personal and pecuniary nature including, but not limited to, economic losses, medical liens, medical bills, physical therapy sessions, multiple medical procedures with injections into his spine, a lumbar back fusion, a spinal cord stimulator , ongoing and future care expenses, pain and suffering and loss of a normal life, past, present and future. These losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

32.    Count 1 seeks all compensable damages recoverable under the law against defendant truck driver Desmond Jerrell Patterson for his negligent conduct which caused the January 30, 2025, collision with plaintiff's car resulting in Mac Fortson's injuries.

33.    Count 2 seeks all compensable damages recoverable *vicariously* under the law against defendant Contract Transportation Systems Co., the employer of

defendant truck driver Desmond Jerrell Patterson, which is vicariously liable for his negligent driving resulting in the January 30, 2025, collision resulting in Mac Fortson's injuries.

*WHEREFORE,* Plaintiff Mac Fortson respectfully requests that judgment be entered in his favor and against defendants Desmond Jerrell Patterson and Contract Transportation Systems Co., and each of them, in an amount which will fully and fairly compensate him for all of his losses. The exact amount of compensatory damages sought cannot now be stated; however, the damages substantially exceed all applicable minimum jurisdictional amounts, specified in 28 U.S.C. § 1332.

**Plaintiff Demands Trial by Jury**

Jon C. Papin - ARDC # 6200779
**The Vrdolyak Law Group LLC**
9618 s. Commercial Ave.
Chicago, IL 60617
773-731-3311 ext. 252
jpapin@vrdolyak.com
iherrera@vrdolyak.com

# Exhibit # 1



Exhibit # 2

